UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GE COMMERCIAL DISTRIBUTION
FINANCE CORPORATION,

      Plaintiff,

v.                                                                                          Case No. 1:06-CV-309

FERRIS INDUSTRIES, INC.                                                 HON. GORDON J. QUIST

      Defendant.
_____/

## **OPINION**

### **Background**

Plaintiff, GE Commercial Distribution Finance ("CDF"), filed this diversity action on May 9, 2006, against Defendant, Ferris Industries, Inc. ("Ferris"), asserting one count in its verified complaint for claim and delivery pursuant to MCR 3.105. CDF also filed an emergency motion for an order granting possession pending final judgment. On May 9, 2006, Magistrate Judge Scoville issued an order granting CDF's request for a restraining order and setting a hearing on CDF's motion for May 16, 2006. The Court subsequently cancelled the hearing upon notification from CDF that the parties had reached a settlement, but after receiving further notification from CDF that Ferris was no longer abiding by the settlement agreement, the Court rescheduled the hearing for June 7, 2006. Ferris appeared through counsel on June 6, 2006, and filed an answer to the verified complaint in which it raised the following as defenses: (1) that CDF was not entitled to relief because an arbitration provision in the Agreement for Wholesale Financing (the "Agreement") barred CDF's

claim and delivery action; and (2) that CDF waived any default by permitting Ferris to sell the collateral out of trust.

On June 8, 2006, based upon the evidence presented at the June 7 hearing, the Court entered an order granting CDF's motion in part, specifically, allowing CDF to take possession of the collateral that remained subject to a repurchase agreement between CDF and the manufacturer. The Court held additional hearings on June 14, 2006, and June 20, 2006, regarding the remaining collateral not subject to a repurchase agreement. After the last hearing, the Court entered an order granting CDF immediate possession of the remaining collateral. Following a Rule 16 conference on August 16, 2006, the Court set a briefing schedule for summary judgment motions. Pursuant to the Case Management Order, the parties have filed their respective briefs, and the matter is now ready for decision.

**Facts**

The material facts in this case are not in dispute. On February 3, 2004, CDF and Ferris executed the Agreement, pursuant to which CDF agreed to extend credit to Ferris for its purchase of inventory (recreational vehicles or "Collateral") and Ferris granted a security interest to CDF in, among other things, all of its inventory, equipment, fixtures, and the proceeds thereof. The Agreement further provided that in the event of a default, CDF would be entitled to immediate possession of the Collateral. The Agreement required Ferris to repay to CDF the principal amount owed on each unit of Collateral upon sale by Ferris. CDF filed financing statements and took all other necessary steps to perfect its purchase-money interest in the Collateral. Ferris later purchased certain inventory that was financed under the Agreement.

Ferris defaulted under the Agreement by failing to make all required payments. In April 2006, CDF learned that Ferris sold units of Collateral without remitting the sale proceeds to CDF as required by the Agreement, a condition commonly referred to in the industry as selling "out of trust." During inventory inspections, Ferris admitted to both current and past sales out of trust. CDF demanded possession based upon Ferris' default, but Ferris refused to give CDF possession. Thereafter, CDF filed the instant action in order to obtain possession of the Collateral.

During the course of the hearings mentioned above, the Court received evidence regarding the seasonal nature of recreational vehicle sales and the result of aging upon the value of the Collateral, and how these factors impact the value of the Collateral. Based upon these considerations, the Court found it of critical importance to the preservation of the value of the Collateral first, to allow CDF to obtain possession the Collateral that was still subject to a repurchase agreement in order to maximize the value that could be obtained under such agreements, and second, to grant CDF possession of the remaining Collateral to allow CDF to dispose of it before the season for recreational vehicle sales concluded and before the Collateral became another "model year" older.

## Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. Id.

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Agristor Fin. Corp. v. Van Sickle, 967 F.2d 233, 236 (6th Cir. 1992) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

**Discussion**

In its motion for summary judgment, CDF requests an order granting a final judgment of possession of the Collateral. CDF has submitted a proposed order granting it possession and declaring that it is entitled to dispose of the Collateral.

Ferris has filed a response in which it states that it "has no objection to [CDF's proposed] Order." (Def.'s Resp. Br. at 1.) Ferris brings to the Court's attention, however, that CDF disposed of the Collateral without first moving for summary judgment or sending a proposed consent judgment to Ferris. Ferris further notes that CDF sent a notice of a private sale of the Collateral directly to Ferris rather than to its counsel. In conclusion, Ferris affirms that it "consents to the entry of an Order for Possession in the form set forth on" CDF's proposed order, although it "leaves to this Court's discretion what sanction, if any, should apply to Plaintiff's premature disposition of the collateral." (Id. at 3.)

In light of Ferris' acknowledgment that CDF is entitled to possession and to dispose of the Collateral pursuant to the Agreement, the Court finds it appropriate to grant CDF's motion. To the extent that Ferris argues that the Court should sanction CDF for prematurely disposing of the Collateral, the Court declines to do so. As noted above, and as the Court made known in the hearings on CDF's motion, the Court found it proper to grant CDF's motion in order to allow it to

4

dispose of the Collateral in an expeditious manner in order to maximize its value, for the benefit of CDF as well as Ferris. This was, in fact, the reason why the Court granted CDF possession. In light of this fact, the Court agrees with CDF that Ferris' argument borders on the frivolous and that Ferris had no good reason to refuse to stipulate to a judgment of final possession.[1] Because CDF's proposed order reserves the issue of attorneys' fees for arbitration, the Court declines to award fees to CDF in this proceeding, but instead will defer to the arbitrator on that issue.

## Conclusion

For the foregoing reasons, the Court will grant CDF's motion for summary judgment.

An Order consistent with this Opinion and substantially in the form of CDF's proposed order will be entered.

Dated: November 14, 2006                          /s/ Gordon J. Quist
                   GORDON J. QUIST
                   UNITED STATES DISTRICT JUDGE

---

[1] Ferris fails to explain why it was improper for CDF to send a notice of the proposed private sale directly to Ferris, rather than to its counsel. The situation would be different if CDF's counsel contacted Ferris directly, but that is not the case here.